UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON M. ERICKSON,

          Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

CASE NO. C14-5511 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 17), and Plaintiff Shannon Erickson's ("Erickson") objections to the R&R (Dkt. 18).

On April 1, 2015, Judge Strombom issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision that Erickson was not disabled. Dkt. 17. On April 15, 2015, Erickson filed objections. Dkt. 18. On April 27, 2015, the Government responded. Dkt. 19. Erickson did not file a reply.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

ORDER - 1

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Erickson raises two objections to Judge Strombom's recommended disposition. First, Erickson argues that Judge Strombom erroneously determined that the ALJ provided a sufficient reason for discounting the opinion of Erickson's treating neurologist, Dr. Choi. Dkt. 18 at 2. Dr. Choi diagnosed Erickson with significant physical limitations stemming from her carpal tunnel syndrome. AR 780–82. As Judge Strombom discussed, Dr. Choi's assessment of the severity of Erickson's limitations was not supported by his objective findings. *See* AR 729–34, 766–71, 775–78, 780–82. An ALJ need not accept the opinion of a treating physician if that opinion is not supported by clinical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The Court agrees with Judge Strombom that the ALJ provided a valid reason for rejecting Dr. Choi's opinion.

Second, Erickson contends that Judge Strombom improperly concluded that the ALJ's residual functional capacity ("RFC") finding was complete. Dkt. 18 at 6. According to Erickson, the ALJ should have included all of the limitations assessed by Dr. Choi. *Id.* As discussed above, the ALJ did not err in discounting Dr. Choi's opinion. Thus, Judge Strombom properly determined that the ALJ did not err in declining to adopt Dr. Choi's assessed limitations in the RFC finding.

1 | The Court having considered the R&R, Erickson's objections, and the remaining
2 | record, does hereby find and order as follows:
3 |     (1)    The R&R is **ADOPTED**; and
4 |     (2)    This action is **DISMISSED**.
5 | Dated this 1st day of June, 2015.

BENJAMIN H. SETTLE
United States District Judge